NOT DESIGNATED FOR PUBLICATION

No. 120,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY ALLEN HELZER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 5, 2019. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

POWELL, J.: Troy Helzer appeals the district court's revocation of his probation and imposition of his prison sentence. We granted Helzer's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition but asking that the district court's judgment be affirmed.

In December 2016, Helzer was sentenced in three cases. In 16CR500, for one count of possession of methamphetamine, the district court imposed a sentence of 20 months in prison, with 12 months of postrelease supervision, but placed Helzer on probation from that sentence for 18 months. In 16CR886, for one count of misdemeanor

1

possession of stolen property, the district court imposed a sentence of 12 months in the county jail but placed Helzer on probation from that sentence for 12 months. And in 16CR945, for one count of aggravated failure to appear, the district court imposed a sentence of 7 months in prison, with 12 months of postrelease supervision, but placed Helzer on probation from that sentence for 12 months.

In March 2017, the district court imposed a six-day jail sanction due to Helzer violating his probation. In October 2017, Helzer again violated his probation, and the district court extended his probation in all three cases for 18 months and imposed a 120-day prison sanction.

In December 2017, the State sought to revoke Helzer's probation, alleging that he had violated the terms and conditions of his probation by, among other things, failing to appear in drug court, failing to report to his probation officer, and committing new crimes. The State later alleged Helzer had absconded from supervision after Kentucky law enforcement arrested him in May 2018 for possession of drug paraphernalia. At the probation violation hearing conducted in September 2018, Helzer stipulated to these violations but asked for drug treatment and a jail sanction instead of revocation. The district court rejected Helzer's request, revoked his probation, and imposed the underlying prison sentences.

Helzer's sole argument on appeal is that the district court abused its discretion by revoking his probation and imposing the prison sentences. However, while the case was pending on appeal, the State filed a custodial status notification indicating that Helzer had completed his prison sentence as of April 12, 2019, and was currently on postrelease supervision. We issued a show cause order directing Helzer to explain why the case should not be dismissed as moot. Helzer did so, arguing that his appeal is not moot because he remains on postrelease supervision.

As a general rule, appellate courts do not decide moot questions or render advisory opinions. Rather, our role is to ""determine real controversies relative to the legal rights of persons or properties which are actually involved in the particular case."'" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). To be a real controversy, the case must involve "definite and concrete issues . . . with adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008). If it is clearly and convincingly shown that (1) the actual controversy has ended, (2) the entry of judgment would be ineffectual for any purpose, and (3) a judgment would have no impact on any of the rights of the parties, then the case must be dismissed as moot. *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009).

Here, it would appear that we lack the authority to grant Helzer's request that he be placed back on probation and given an additional sanction because Helzer has already served his prison sentence. Probation operates as a substitute for a term of imprisonment and therefore cannot be imposed if the underlying prison sentence has been completed. See *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018). Moreover, any additional intermediate sanctions imposed cannot be longer than the time remaining on the defendant's prison sentence. K.S.A. 2018 Supp. 22-3716(c)(7). Because Helzer has already served his prison sentence, he cannot be subject to any short-term intermediate sanction or have his probation reinstated. While it is true that Helzer would not be on postrelease supervision if his probation had not been revoked, that is not enough to turn this case into a real controversy given that the relief he seeks cannot be granted by us.

Alternatively, even if the case were not moot, Helzer's appeal would still be without merit. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the

3

view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Helzer bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. A district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation if the offender commits a new crime while on probation; another is when the defendant absconds from supervision. See K.S.A. 2018 Supp. 22-3716(c)(8)(A), (B).

Here, Helzer does not challenge the district court's authority to revoke his probation, only that it abused its discretion by doing so. Given Helzer's repeated probation violations, which included absconding and committing new crimes, he fails to persuade us that no reasonable person would have agreed with the district court's decision to revoke his probation and order that he serve his underlying sentence.

Appeal dismissed.